**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Brian A. Bara<br>　　　　　　　　Debtor(s) | CHAPTER 13 |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK,N.A., AS INDENTURE TRUSTEE FOR THE CWABS REVOLVING HOME EQUITY LOAN ASSET BACKED NOTES, SERIES 2004-J<br>　　　　　　　　Movant<br>　　vs. | NO. 17-10897 ELF |
| Brian A. Bara<br>　　　　　　　　Debtor(s)<br>Sally Ann Bara<br>　　　　　　　　Co-Debtor<br>Kenneth E. West Esq.<br>　　　　　　　　Trustee | 11 U.S.C. Section 362 and 1301 |

> **IMPORTANT NOTICE**
> **Bank of America, N.A. ("BANA") is committed to helping its Consumer & Small Business clients experiencing hardship. Depending upon the circumstances of your case, BANA may be agreeable to a consensual resolution of this matter through, among other things, a Court approved temporary deferral of payments, a restructuring of payments, or a restructuring of payment amounts. If you, or where applicable any co-debtors, fall into this category, you or your counsel (if represented) should promptly contact the undersigned to discuss possible options.**

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK,N.A., AS INDENTURE TRUSTEE FOR THE CWABS REVOLVING HOME EQUITY LOAN ASSET BACKED NOTES, SERIES 2004-J ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 8 Inlet Road Levittown PA 19057, (the "Property"), for all purposes allowed by the Note (defined below), the

Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on 02/08/2017.

2. A Chapter 13 Plan was confirmed on 11/14/2017.

3. Sally Ann Bara has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $105,000.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A.

4. Pursuant to that certain Open-End Mortgage (Line of Credit), dated 06/25/2004, and recorded in the office of the county clerk of Bucks County, Pennsylvania, (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor and Co-Debtor under and with respect to the Note and the Mortgage are secured by the Property and the other collateral described in the Mortgage. A copy of the Mortgage is attached hereto as Exhibit B.

5. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to an assignment of mortgage. A copy of the assignment of mortgage is attached hereto as Exhibit C.

6. As 12/16/2021, the approximate outstanding amount of the Obligations less any partial payments or suspense balance is $74,601.38.

7. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred legal fees and legal costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

8. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed by the Debtor and Co-Debtor as of 12/16/2021.

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 1 | 5/25/2020 | 5/25/2020 | $756.74 | $756.74 |
| 1 | 6/25/2020 | 6/25/2020 | $762.37 | $762.37 |

| | | | | |
|---|---|---|---|---|
| 1 | 7/25/2020 | 7/25/2020 | $756.70 | $756.70 |
| 1 | 8/25/2020 | 8/25/2020 | $762.09 | $762.09 |
| 1 | 9/25/2020 | 9/25/2020 | $762.09 | $762.09 |
| 1 | 10/25/2020 | 10/25/2020 | $754.43 | $754.43 |
| 1 | 11/25/2020 | 11/25/2020 | $756.22 | $756.22 |
| 1 | 12/25/2020 | 12/25/2020 | $750.22 | $750.22 |
| 1 | 1/25/2021 | 1/25/2021 | $755.34 | $755.34 |
| 1 | 2/25/2021 | 2/25/2021 | $749.52 | $749.52 |
| 1 | 3/25/2021 | 3/25/2021 | $737.96 | $737.96 |
| 1 | 4/25/2021 | 4/25/2021 | $760.56 | $760.56 |
| 1 | 5/25/2021 | 5/25/2021 | $748.83 | $748.83 |
| 1 | 6/25/2021 | 6/25/2021 | $742.06 | $742.06 |
| 1 | 7/25/2021 | 7/25/2021 | $758.39 | $758.39 |
| 1 | 8/25/2021 | 8/25/2021 | $751.27 | $751.27 |
| 1 | 9/25/2021 | 9/25/2021 | $744.72 | $744.72 |
| 1 | 10/25/2021 | 10/25/2021 | $735.68 | $735.68 |
| 1 | 11/25/2021 | 11/25/2021 | $734.21 | $734.21 |
| Less postpetition partial payments (suspense balance): | | | | ($293.78) |

Total:  $13,985.62

9. As of 12/16/2021, the total postpetition arrearage/delinquency is $15,135.62, consisting of (i) the foregoing total of missed postpetition payments in the amount of $ $13,985.62, plus (ii) the following postpetition fees:

| Description | Amount[1] |
|---|---|
| Bankruptcy Proof of Claim | $650.00 |
| Bankruptcy Objection to Plan | $500.00 |

10. The estimated market value of the Property is $115,000.00. The basis for such valuation is Debtor's Schedule "A".

11. Upon information and belief, the encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, listed in order of priority are: (i) Movant ($74,601.38).

12. The amount of the next monthly payment of the Debtor under the terms of the Note and Mortgage is $738.38.

13. A foreclosure proceeding with respect to the Property is pending, with the Complaint having been filed with the Court on 06/28/2016.

14. Cause exists for relief from the automatic stay for the following reasons

---

[1] The amounts set forth herein do not include any legal fees or expenses of counsel incurred by Movant in connection with seeking the relief requested in the Motion

      a).    Movant's interest in the Property is not adequately protected.

      b).    Movant's interest in the collateral is not protected by an adequate equity cushion.

      c).    The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.    Relief from the stay for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property and any and all other collateral pledged under the Mortgage.

2.    That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3.    For such other relief as the Court deems proper.

Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

/s/ Denise Carlon, Esq.
_____
Denise Carlon, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Phone: (215) 627-1322 Fax: (215) 627-7734
Attorneys for Movant/Applicant